IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SARA SOTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 5:21-cv-1112 |
| | § | |
| | § | |
| 35 BAR&GRILL, LLC D/B/A | § | |
| SAN ANTONIO MEN'S CLUB | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff SARA SOTO ("Plaintiff") complains of 35 BAR&GRILL, LLC and for her cause of action would show the Court as follows:

**I.**

**INTRODUCTION**

1.     This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre- judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States, including Title VII of the Civil Rights Act of 1964, as amended,

**II.**

**PARTIES**

2.     Plaintiff SARA SOTO is a resident of Bexar County, Texas.

3.     Defendant 35 BAR&GRILL, LLC is an entity which may be served with process by serving its registered agent, Steve Poulakis, 710 Summer Dawn, San Antonio, Texas, 78258.

## III.

## JURISDICTION AND VENUE

4.      This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), in accordance with that statute's provisions against sex/pregnancy discrimination. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of sex/pregnancy under Title VII.

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

6.      This action lies in the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Bexar County, Texas.

## IV.

## CONDITIONS PRECEDENT

7.      All conditions precedent have been performed or have occurred.

## V.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

8.      Ms. Soto was hired by the Respondent in November 2017 as a Server.  She was then promoted to Bartender in March 2018.

9.      In or around January 2019, Ms. Soto notified her General Manager, Kenneth Dean, that she was pregnant.  In March 2019, Defendant began reducing Ms. Soto's scheduled shifts.  Ms. Soto had typically worked five shifts per week, and would additionally be called in

on her days off to work extra shifts as well. However, after she notified Respondent of her pregnancy and after her pregnancy started showing, Defendant cut her down to three shifts per week, and then two.

10.     On April 2, 2019, Ms. Soto sent a text message to the scheduling manager, Kenny, asking about the reduced schedule. She told him in her text messages "I can't pay my bills on 2 days a week." He responded: "I am suppose to let u go till ur done with the pregnancy but was tryn to give u some shifts." The General Manager, Kenneth Dean, had also told her several months prior to her termination that she no longer fit into the "fantasy" because she was showing and nobody wants to see a pregnant girl in a strip club. Mr. Dean also told her, "sometimes it's not about right and wrong – it's about business and it's not personal."

11.     On May 5, 2019, Ms. Soto went to work to attend a baby shower that one of the employees had arranged for her. When she went into the office to look at the schedule to see when her next shift would be, Ms. Soto noted that she was no longer on the schedule at all. She was never given any further shifts, though Defendant's website states: "we are always accepting applications for bar/waitstaff."

12.     Ms. Soto filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on July 9, 2019, alleging that Defendant had discriminated against her because of her pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended, including the Pregnancy Discrimination Act. On June 6, 2020, the E.E.O.C. issued a Determination notice in the case. The Determination notice states that "the evidence obtained during the investigation indicates that after Charging Party [Ms. Soto] notified her employer of her pregnancy, her work schedule was severely reduced until she was entirely removed from the schedule."

13.     The Determination goes on to state:   "The available evidence, including Respondent's testimony, reflects that Charging Party's pregnancy was the motivating reason for the adverse actions taken against her.  Respondent [Defendant] did not provide evidence to show that the adverse actions taken against the Charging Party were motivated by non-discriminatory reasons as it contends.

14.     The Determination concludes:  "As such, I find that Respondent violated Title VII by reducing Charging Party's work shifts, then by removing her entirely from the work schedule, effectively terminating her employment due to her sex, female (pregnancy).

## VI.

## CAUSES OF ACTION

## COUNT ONE - DISCRIMINATION UNDER TITLE VII

15.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on July 9, 2019, within 180 days of her termination on May 5, 2019. Plaintiff received a notice of the right to sue from the EEOC on August 25, 2021, which is within 90 days of the filing of this complaint.

16.     Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her gender and pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

17.     Defendant is an employer within the meaning of Title VII.

18.     Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race,

color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

19.     Title VII of the Civil Rights Act of 1964 further states that "[t]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes." 42 U.S.C. § 2000e(k).

20.     Defendant intentionally discriminated against Plaintiff because of her gender and pregnancy in violation of Title VII by unlawfully taking her off the schedule and refusing to give her shifts, effectively terminating her employment. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## VII.

## DAMAGES

21.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

22.     Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life,

injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

23.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

24.     A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964.  Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## IX.

## JURY DEMAND

25.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.     The Court assume jurisdiction of this cause;

2.     The Court award Plaintiff damages as specified above;

3.     The Court award Plaintiff reinstatement or, in the alternative, front pay.

4.     The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.    The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF